# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:21-cr-0116 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| MAXIMINO FLORES-ESCOBAR, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on two motions to dismiss. Defendant Maximino Flores-Escobar filed a Motion to Dismiss with Prejudice on July 8, 2021. (ECF No. 23). On July 13, 2021, the Government filed a Motion to Dismiss without Prejudice. (ECF No. 24). For the following reasons, the Court **DISMISSES** the Indictment **WITH PREJUDICE**.

## II. BACKGROUND

Maximino Flores-Escobar is a citizen and national of El Salvador with no claim to United States Citizenship. (Compl. ¶ 3, ECF No. 1). On August 31, 2010, Mr. Flores-Escobar was convicted of an aggravated felony, Lewd Act Upon A Child Under the Age of 14 Years, in violation of California Penal Code 288(a), in the Superior Court of California, County of Santa Cruz. (*Id.*). Mr. Flores-Escobar was ordered removed by an Immigration Judge in San Francisco on November 17, 2020. (*Id.* ¶ 4). On January 3, 2011, pursuant to the Immigration Judge's order, Mr. Flores-Escobar was physically removed from the United States and relocated to El Salvador.

1

(*Id.*). Since his 2010 conviction, Mr. Flores-Escobar's only offenses have been traffic violations. (ECF No. 23 at 7).

On February 14, 2020, Mr. Flores-Escobar was convicted of Failure to Display Headlights in the Franklin County Municipal Court in Columbus, Ohio, and was sentenced to pay a fine. (ECF No. 1 ¶ 5). ███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

On October 5, 2020, United States Immigration and Customs Enforcement ("ICE") surveilled Mr. Flores-Escobar's suspected residence and witnessed him leave his address in a black Sports Utility Vehicle. (*Id.* ¶ 6). ICE officers initiated a vehicle stop and took Mr. Flores-Escobar into immigration custody, pursuant to an administrative warrant of removal based on the Immigration Judge's 2010 final removal order. (*Id.*). On November 9, 2020, a complaint and arrest warrant were issued and served upon Mr. Flores-Escobar. (ECF No. 2). The same day, Mr. Flores-Escobar had his initial appearance. (ECF No. 3).

The Government and Defendant's counsel began discussing a potential resolution and filed a joint motion to extend the time to indict on December 2, 2020 ("First Extension Motion"). (ECF No. 12). Magistrate Judge Deavers extended the deadline to indict until February 9, 2021 ("First Extension Order"). (ECF No. 13). On February 5, 2021, the Government filed an Unopposed

Motion for Extension of Time to Indict ("Second Extension Motion"). (ECF No. 14). Magistrate Judge Deavers again granted the extension, moving the deadline to indict to March 31, 2021 ("Second Extension Order"). (ECF No. 15). On March 31, 2021, the parties jointly filed a third motion to extend the indictment deadline to April 30, 2021 ("Third Extension Motion"). (ECF No. 17). The Court did not rule on the third motion. On May 5, 2021, the parties filed a fourth and final motion to extend the time to indict to June 4, 2021 ("Fourth Extension Motion"). (ECF No. 18). The Court did not rule on the fourth motion.

During the pendency of this matter, certain court processes and deadlines were altered for all courts in the Southern District of Ohio due to the COVID-19 pandemic. Specifically, a series of General Orders prohibited most grand jury proceedings, beginning before Mr. Flores-Escobar was arrested and finally expiring on April 30, 2021. *See* Gen. Orders 20-27, 20-31, 20-36, 21-09. After April 30, 2021, the statutory indictment requirements were once again fully in effect.

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████

Mr. Flores-Escobar was indicted on June 24, 2021. (ECF No. 19). He is charged with one count of illegal re-entry by an alien, in violation of 8 U.S.C. § 1326(a). ███████████

Mr. Flores-Escobar moved to dismiss the indictment with prejudice for Speedy Trial Act violations on July 8, 2021. (ECF No. 23). The Government moved to dismiss without prejudice on July 13, 2021. (ECF Nos. 24, 25).

### III. STANDARD OF REVIEW

The Speedy Trial Act provides that, subject to certain periods of exclusion, an information or an indictment charging an individual with the commission of an offense must be filed within 30 days from the date on which the individual was arrested or served with a summons. 18 U.S.C. § 3161(b). If the information or indictment is not filed within the time limit required, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." *Id.* § 3162(a)(1).

If a defendant files a meritorious and timely motion to dismiss an indictment, "the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner v. United States*, 547 U.S. 489, 499 (2006). In determining whether to dismiss with or without prejudice, this Court must consider at least the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *United States v. Criswell*, 360 F. Supp. 3d 694, 704 (S.D. Ohio 2019) (quoting 18 U.S.C. § 3162(a)(2)).

## IV. LAW & ANALYSIS

### A. Computation of Time

Mr. Flores-Escobar seeks dismissal of the Indictment with prejudice, arguing that the delay since commencement of this case has resulted in violation of the Speedy Trial Act. The Government acknowledges that it "did not indict the case within the required 30-day time limit," but it asks the Court to dismiss the Indictment without prejudice. (ECF No. 24 at 1).

Here, the parties agree that the speedy trial clock began to run on November 9, 2020, the date on which the complaint and arrest warrant were issued and served upon Mr. Flores-Escobar. The First Extension Motion was filed on December 2, 2021. Thus, the indictment period paused at 23 days. An additional 20 days accrued between the date on which the Fourth Extension Motion expired—June 4, 2021—and the date on which the Government filed the Indictment—June 24, 2021.[1] Additionally, the Government acknowledges that there was a 5-day lapse between the Third Extension and the Fourth Extension Motion, from April 30, 2021 and May 5, 2021. Accordingly, the total indictment period was at least 48 days.[2] The Government therefore exceeded the statutory indictment period of 30 days by at least 18 days.

Mr. Flores-Escobar also argues that the period encompassing the Third Extension Motion and the Fourth Extension Motion should factor into the total indictment period because the Court did not rule on these continuance requests.

While the Speedy Trial Act requires an indictment to be filed within 30 days from the date on which the individual was arrested or served with a summons in connection with such charges,

---

[1] Mr. Flores-Escobar erroneously states that the sum of these two time periods is 53 days, rather than the correct period of 43 days. (ECF No. 23 at 3–4).

[2] The Government incorrectly presents the total as 47 days. (ECF No. 24 at 4).

the Act excludes certain periods of time from the 30-day computation. 18 U.S.C. § 3161(b), (h). Specifically, "Section 3161(h) specifies the types of delays that are excludable from the calculation. Some of these delays are excludable only if the district court makes certain findings enumerated in the statute. *See* § 3161(h)(7). Other delays are automatically excludable, *i.e.*, they may be excluded without district court findings." *Bloate v. United States*, 559 U.S. 196, 203 (2010). As is relevant here, subsection (h)(7) provides the following:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(7)(A). The statute also outlines specific factors a judge must consider when determining whether to grant a continuance. *Id.* § 3161(7)(B).

The statutory language contemplates a motion "at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id.* § 3161(7)(A) (emphasis added). While the statute is silent on motions filed jointly by both parties, the Sixth Circuit holds that "a defendant's agreement to waive its protections cannot, by itself, justify an ends-of-justice continuance" because the public interest in a speedy trial is also protected by the Act. *United States v. White*, 920 F.3d 1109, 1116 (6th Cir. 2019) (citing *Zedner v. United States*, 547 U.S. 489, 506–07 (1976); *Bloate v. United States*, 559 U.S. 196, 211–12 (1996)). The Sixth Circuit's conclusion flows from the Supreme Court's holding that the Speedy Trial Act requires a court to "se[t] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

6

are served and they outweigh other interests" when the court rules on a motion in order to toll the Speedy Trial Act clock. *Zedner*, 547 U.S. at 489. "Thus, without on-the-record findings, there can be no exclusion." *Id.* at 507.

In this case, Magistrate Deavers did indeed analyze the statutory factors outlined in § 3161(7)(B) when she approved the parties' first two joint motions to extend the indictment deadline. Importantly, she found that "the ends of justice served by such a continuance outweigh the interests of the public and the defendant in a speedy trial" partly because of "Chief Judge Marbley's General Order 20-36," which "suspend[ed] Grant Jury proceedings for sixty days (with limited exceptions) due to the ongoing COVID-19 pandemic." (ECF No. 13). By the time the parties by the Fourth Extension Motion, however, the series of General Orders suspending Grand Jury proceedings had expired. Thus, neither the First Extension Order nor the Second Extension Order provides a sufficient justification as to the Fourth Extension Motion, and the period it encompasses cannot be excluded from the indictment period. Accordingly, the time between May 5, 2021 and June 4, 2021, or 30 days, also factors into the indictment period. The total number of days is therefore 78 days.

### B. Statutory Factors

#### 1. Seriousness of the Offense

The first step in reviewing the statutory factors is for this Court to determine whether the charges against Mr. Flores-Escobar are serious. Mr. Flores-Escobar is charged with illegal re-entry by an alien in violation of 8 U.S.C. § 1326(a). Sister courts within the Sixth Circuit have held that illegal re-entry is not a serious offense because the charge carries no mandatory minimum sentence, and the maximum penalty is only two years, absent aggravating factors. *United States v. Pascual*, No. 1:19-cr-44, 2019 U.S. Dist. LEXIS 125498, at *4 (E.D. Tenn. July 29, 2019); *United States v. Franco-Bonilla*, No. 3:05-00101, 2005 U.S. Dist. LEXIS 31308, at *10 (M.D. Tenn. Nov.

7

16, 2005). A prior conviction for an aggravated felony increases the potential penalty for a conviction of illegal re-entry, but despite this potential, an immigrant convicted of an aggravated felony still has no mandatory minimum prison sentence for an illegal re-entry violation. *See Franco-Bonilla*, 2005 U.S. Dist. LEXIS 31308, at * 10; 8 U.S.C. § 1326(a).

Moreover, illegal re-entry is not a violent crime. And Mr. Flores-Escobar has not had any further issues with the law since his prior conviction, which occurred over ten years ago. For these reasons, under these circumstances, the Court finds that the first statutory factor weighs in favor of dismissal with prejudice.

### 2. Facts and Circumstances Leading to Dismissal

Second, this Court must consider the facts and circumstances which led to the dismissal. Mr. Flores-Escobar represents that the Government clearly communicated that he was required to accept its plea offer before June 4, 2021, or the Government would move forward with the Indictment. (ECF No. 23 at 8). Mr. Flores-Escobar chose not to accept the offer and fully expected the Government to indict on June 4, 2021, when he intended to proceed with potential defenses as to the sufficiency of the charge. (*Id.*). The Government did not contact Mr. Flores-Escobar's counsel to verify his position until well after the extended indictment deadline had passed. (*Id.*).

The Government, on the other hand, describes the delays as being "in consideration of a facts [sic] which could lead to a plea favorable to the defendant." (ECF No. 24 at 4). Specifically, the Government submits that the "defendant submitted information to a supervisory AUSA requesting favorable treatment" and "numerous rulings and materials as to a civil Immigration Court ruling that may impact his case." (*Id.* at 5). The Government explains that "[t]hese steps were all a part of the lengthy negotiations in this case." (*Id.*).

Although there is no evidence of affirmative misconduct in the delay, the Government's seeming negligence in proceeding with the case weighs in favor of dismissing the charge with

prejudice. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Most importantly, the Government failed to indict Mr. Flores-Escobar timely, waiting until 48 days after the statutory deadline to indict. In so doing, the Government failed protect the public's and Mr. Flores-Escobar's interest in a speedy trial. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

### 3. Impact of Re-Prosecution

The last factor this Court must consider is the impact of the re-prosecution on the administration of justice. "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004) (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000).

Here, Mr. Flores-Escobar has suffered actual prejudice because he has been detained for the duration of the proceedings. The delay, therefore, has caused him a loss of liberty. Furthermore, although there is no evidence the Government engaged in prosecutorial misconduct, its actions frustrate the Speedy Trial Act's mandate that the Government promptly and swiftly execute prosecution. Thus, the final prong also weighs in favor of dismissal with prejudice.

## V. CONCLUSION

For the reasons set forth above, this Court **DISMISSES** the Indictment **WITH PREJUDICE**. Accordingly, Defendant Flores-Escobar's Motion to Dismiss is **GRANTED**. (ECF No. 23). The Government's Motion to Dismiss is **DENIED**. (ECF No. 24).

Mr. Flores-Escobar is currently subject to an ICE detainer. Accordingly, Mr. Flores-Escobar is to be released to ICE custody.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: July 15, 2021**